IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ESTES SMITH : CIVIL ACTION
:
v. :
:
PATRICK R. DONAHOE, : NO. 12-2639
Postmaster General

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, M.J.	January 15, 2013

Plaintiff, an employee at the United States Postal Service, filed a three-count amended complaint against the Postmaster General. Doc. 9-2. Count I alleges a due process violation based on the denial of a hearing in Plaintiff's whistleblower reprisal investigation. Count II alleges disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 791(b), and Count III alleges retaliatory discrimination in violation of the same provision.

Defendant has filed a motion to dismiss the amended complaint, arguing that sovereign immunity bars the constitutional claim stated in Count I, and that Plaintiff failed to administratively exhaust his claims in Counts II and III before the Equal Employment Opportunity Commission ("EEOC"). See Doc. 14. In response, Plaintiff has withdrawn Count I, see Doc. 19 at 2 n.1, 16,[1] and counters that he did, in fact, administratively exhaust his claims, and that his disability discrimination and retaliation

---

[1] Pinpoint citations to documents that have been electronically filed with the court refer to the ECF pagination.

claims in Counts II and III fall within the scope of the charge he filed with the EEOC.
See id. at 6-16.[2]

I.      **FACTS AND PROCEDURAL HISTORY**

According to the amended complaint, on November 4, 2000, Plaintiff was given a rehabilitation job assignment, limiting his lifting due to medical restrictions. Doc. 9-2 ¶ 7, 10, 11. On April 20, 2009, Plaintiff initiated an EEO complaint against his supervisor, Janet Felix, for issuing him a letter of warning while not issuing warnings to other employees outside his class of disability. Id. ¶ 79. On May 27, 2009, at approximately 6:30 p.m., Plaintiff found a hidden bag of mail in the supervisor's office. Id. ¶ 12. After seeking guidance on what to do, Plaintiff took the mail to the Lindbergh Center in his personal vehicle. Id. ¶ 20. Sometime between May 29, 2009, and June 5, 2009, Felix issued Plaintiff an "Emergency Placement in Off-duty Status," requiring him to take three days without pay and giving him a reassignment of job duties which exceeded the physical limitations of his rehabilitation job assignment. Id. ¶ 23-25. Plaintiff alleges that the decision to modify his job duties was motivated by his disability and was causally connected to his EEO complaint. Id. ¶¶ 76, 82.

On August 27, 2009, Plaintiff filed a complaint with the EEOC ("the EEOC Complaint") in which he noted that his supervisor had a "resentment and hostility to those . . . with disability." Doc. 14-1 at 2 (EEOC Complaint attached as Exh. A to

---

[2]The case was referred to me upon the consent of the parties by the Honorable William H. Yohn. See Doc. 18.

Defendant's motion).³ He checked boxes on the form indicating that he had been discriminated against on the basis of his sex, age, retaliation, and disability. Id. In an addendum to the EEOC Complaint, Plaintiff complained that he had been issued a letter of warning on March 23, 2009, and had been placed in an off-duty status on June 3, 2009. Doc. 19 at 23 (addendum to EEOC Complaint attached as Exh. B to Plaintiff's response).

On September 24, 2009, the EEOC sent Plaintiff a notice that it would investigate the issues relating to the June 3, 2009 placement on off-duty status, but advised that the investigation would not include the letter of warning issued on March 23, 2009. See Doc. 14-2 (Partial Acceptance/Partial Dismissal Letter dated Sept. 24, 2009, attached as Exh. B to Defendant's motion). On March 15, 2012, Plaintiff received a final agency decision granting him the right to file a civil action. Doc. 12 ¶ 39.

On May 15, 2012, Plaintiff filed a complaint in federal court. See Doc. 1. After the court granted Defendant's motion to dismiss, see Docs. 4 & 5, and granted Plaintiff's motion for reconsideration, see Docs. 6 & 8, Plaintiff filed an amended complaint. See

---

³In considering a motion to dismiss, the court may consider an "undisputedly authentic" document. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The Third Circuit has also stated that the district court may consider "a document integral to or explicitly relied upon in the complaint," In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997), or "documents whose contents are alleged in the complaint and whose authenticity no party questions." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). In the context of an employment discrimination suit, this includes the EEOC complaint and related EEOC documents. McInerney v. Moyer Lumber & Hardware, Inc., 244 F.Supp. 2d 393, 396 (E.D. Pa. 2002); Dixon v. Phila. Hous. Auth., 43 F.Supp. 2d 543, 544-45 (E.D. Pa. 1999); Foust v. FMC Corp., 962 F.Supp. 650, 652 (E.D. Pa. 1997). Here, the parties have attached the EEOC Complaint, an addendum to that Complaint, the EEOC investigation report, and the right to sue letter to their pleadings and motion papers. I have considered each of these documents in the disposition of this motion.

Doc. 12. On November 14, 2012, Defendant filed a motion to dismiss the amended complaint, arguing among other things, that Plaintiff failed to exhaust his administrative remedies with respect to the second and third counts of the amended complaint. See Doc. 14. Plaintiff responded, Defendant filed a Reply, and Plaintiff filed a Sur-Reply. See Docs. 19, 21 & 22.

## II. LEGAL STANDARD

Defendant has sought to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) rather than pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See Doc. 14 at 4-5. The distinction is not merely one of semantics. When considering a factual challenge brought pursuant to Rule 12(b)(1), no presumption of truthfulness attaches to plaintiff's allegations and the existence of an issue of material fact does not bar the court's consideration of the jurisdictional claim. Turicento, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002); Anjelino v. N.Y. Times Co., 200 F.3d 73, 87 (3d Cir. 1999). In considering a motion brought pursuant to Rule 12(b)(6), the court is to accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Anjelino, 200 F.3d at 87 (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Although Plaintiff has not objected to Defendant's citation to Rule 12(b)(1) for authority to dismiss the complaint, the Third Circuit has held that a motion challenging a failure to exhaust administrative remedies in an employment case is properly considered under Rule 12(b)(6). In Anjelino, the Third Circuit rejected the district court's reliance on Rule 12(b)(1), determining that motions to dismiss based on failure to exhaust and

4

timeliness did not test the court's subject matter jurisdiction and thus were properly considered under Rule 12(b)(6).

> We conclude that the District Court erred in considering the Times' failure to exhaust and timeliness defenses as grounds for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. Although it is a "basic tenet" of administrative law that a plaintiff should timely exhaust all administrative remedies before seeking judicial relief, the purpose of this rule is practical, rather than a matter affecting substantive justice in the manner contemplated by the District Court. The rule is meant to "provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record." Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). Failure to exhaust is "in the nature of statutes of limitation" and do[es] not affect the District Court's subject matter jurisdiction." Hornsby [v. United States Postal Serv.], 787 F.2d [87], 89 [3d Cir. 1986)] (citing Zipes v. Trans World Airlines, Inc. 455 U.S. 385, 392-98 (1982)). The characterization either of lack of exhaustion or of untimeliness as a jurisdictional bar is particularly inapt in Title VII cases, where the courts are permitted to equitably toll filing requirements in certain circumstances. Robinson, 107 F.3d at 1021 (citing Bowen v. City of New York, 476 U.S. 467, 482 (1986)).

Anjelino, 200 F.3d at 86. Relying on Anjelino, I will analyze Defendant's motion under Rule 12(b)(6). See also Slingland v. Donahoe, Civ. No. 11-4591, 2012 WL 4473231, at *2 (E.D. Pa. Sept. 27, 2012) (Stengel, J.) (motion to dismiss on exhaustion grounds properly construed under Rule 12(b)(6) not 12(b)(1)); Deserne v. Madlyn & Leonard Abramson Ctr. for Jewish Life, Inc., Civ. No. 10-3694, 2010 WL 4665915, at *1 n.1 (E.D. Pa. Nov. 17, 2010) (O'Neill, J.) (motion to dismiss claim for failure to exhaust administrative remedies governed by Rule 12(b)(6) not 12(b)(1)); Saylor v. Del. Dept. of Health and Soc. Servs., 569 F. Supp.2d 420, 421 n.1 (D. Del. 2008) (Robinson, J.)

5

(reconstruing Rule 12(b)(1) motion as 12(b)(6) utilizing Anjelino); Tlush v. Mfrs. Res. Ctr., 315 F. Supp.2d 650, 654 (E.D. Pa. 2002) (Brody, J.) (relying on Anjelino to consider motion to dismiss for failing to exhaust administrative remedies under Rule 12(b)(6)); Wood v. Central Parking Sys. of Pa., Inc. Civ. No. 99-3022, 2000 WL 873310, at *2 (E.D. Pa. June 23, 2000) (specifically rejecting argument that Anjelino applied only to a claim of untimely filing); but see Falzett v. Pocono Mountain Sch. Dist., 150 F. Supp.2d 699, 701 & n.2 (M.D. Pa. 2001) (Caputo, J.) (noting that Rule 12(b)(1) is appropriate mechanism for motion to dismiss for failure to exhaust administrative remedies in IDEA case because exhaustion in that context is jurisdictional); Dugan v. Coastal Indus., Inc., 96 F. Supp.2d 481, 485 n.4 (E.D Pa. 2000) (Reed, J.) (Anjelino does not prohibit reliance on Rule 12(b)(1) where it is clear from face of pleadings that administrative remedies have not been exhausted under Federal Tort Claims Act).

Having determined that Defendant's challenge to the complaint is properly construed as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), I will now review the standards applicable to such consideration. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although Rule 8 requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R . Civ. P. 8(a)(2), and to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley, 355 U.S. at 47), plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

6

action will not do." Id. Similarly, "naked assertions devoid of further factual enhancement" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

Read together, Twombly and Iqbal set forth a two-part analysis that federal courts should utilize when presented with Rule 12(b)(6) motions. First, the factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding any legal conclusions. See Iqbal, 556 U.S. at 678-79. Second, the court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Williams v. Collins, Civ. No. 12-1149, 2012 WL 6058299, at *2 (E.D. Pa. Dec. 5, 2012) (quoting Iqbal, 556 U.S. at 678). In making this determination, the court must accept as true any reasonable inferences that may be drawn from plaintiff's allegations, and view those facts and inferences in the light most favorable to plaintiff. See Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir.1989). The Third Circuit has summarized the post-Twombly standard as follows: "'[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. . . . This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). "Thus, to survive a motion to dismiss under Rule 12(b)(6), a

7

plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570).

III. **DISCUSSION**

Discrimination on the basis of disability or in retaliation for protected activity is prohibited by the Rehabilitation Act of 1973. 29 U.S.C. §§ 791, 794. The Rehabilitation Act, like Title VII, has an administrative exhaustion requirement. Spence v. Straw, 54 F.3d 196, 200 (3d Cir. 1995) (citing McGuinness v. U. S. Postal Serv., 744 F.2d 1318, 1320 (7th Cir. 1984)). "The filing of a formal complaint with the EEOC and the receipt of a right to sue letter prior to bringing suit 'are essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.'" Burg v. U. S. Dept. of Health & Human Servs., Civ. No. 07-cv-2992, 2010 WL 5136107, at *4 (E.D. Pa. Dec. 15, 2010) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976)). A party has exhausted all claims that were "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Kovoor v. School Dist. of Phila., 211 F.Supp. 2d 614, 620 (E.D. Pa. 2002) (quoting Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996); Walters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984)); see also Mandel v. M&Q Packaging Corp., No. 11-3193, slip op. at 8 (3d Cir. Jan. 14, 2013) ("parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination").

Contrary to Defendant's statement that the Plaintiff's EEO Complaint "alone defines the scope of any District Court claims," see Doc. 14 at 12, the relevant inquiry is

8

whether the claims presented to the federal court were within "the scope of the EEOC investigation which [could] reasonably be expected to grow out of the charge of discrimination." Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir. 1978) (quoting Ostapowicz, 541 F.2d at 398-99 (3d Cir. 1976)); see also Catagnus v. Aramark Corp., 235 F.Supp. 2d 413, 417 (E.D. Pa. Nov. 15, 2002) (same). Utilizing this standard, the Third Circuit has concluded that a hostile work environment claim was not within the scope of the EEOC charge that alleged gender discrimination with no facts to suggest a hostile work environment. Barzanty v. Verizon PA, Inc., 361 Fed. Appx. 411, 414 (3d Cir. 2010). In contrast, the Honorable William Yohn of this court concluded that a retaliation claim had been administratively exhausted where, despite the plaintiff's failure to check the box for retaliation or specifically use the word retaliation, the Plaintiff stated in his EEO charge that he had encountered racial and disability discrimination after filing a discrimination charge with the EEOC. Hartwell v. Lifetime Doors, Inc., Civ. No. 05-2115, 2006 WL 381685, at *18 (E.D. Pa. Feb. 16, 2006).

In the amended complaint, Plaintiff brings claims of disability discrimination and retaliation based on that fact that his job duties were changed on June 5, 2009. See Doc. 12 ¶¶ 72-75, 81-82. Defendant contends that Plaintiff has not exhausted his claims because he did not raise the modification of his job duties in the EEOC Complaint. See Doc. 14 at 5, 12. Defendant is incorrect, because Plaintiff's claims were within the scope of the EEOC investigation that reasonably grew out of his complaint.

9

In his EEOC Complaint, Plaintiff checked the boxes for disability discrimination and retaliation, and alleged that his supervisor was biased against him on account of his disability:

> Before the ticket was served Ms. Felix had disclose [sic] in the morning session with carrier Steve Woods Jr. her dislike for Rehabs, there [sic] time in service and that she had no control over their form 50's. Steve sat me down earlier part of the year and discuss [sic] this with me. After she wrote me up for a ticket, I was sure that she had a resentment and hostility to those of [us] with disability.

Doc. 14-1 at 2. Also, in the addendum to the EEOC Complaint, Plaintiff specifically mentioned a March 23, 2009 warning letter and his placement in off-duty status on June 3, 2009, as the bases for his complaint. See Doc. 19 at 23. Although he did not specifically mention the change in job duties in the EEOC Complaint, Plaintiff identified the date of the alleged discrimination as "3/16-present," indicating ongoing acts of discrimination beyond the suspension period and the date of the warning letter. Doc. 14-1 at 2. Furthermore, the EEOC investigative summary evidences the fact that the agency was aware of his modified job duties upon his return after his suspension. See Doc. 22-1 at 10, 13 (EEOC Investigative Summary attached as Exh. B to Plaintiff's sur-reply). This chain of events supports the conclusion that the claims regarding Plaintiff's job modification were within the scope of the EEOC investigation.

In addition, courts have treated as exhausted claims that were not specifically mentioned in the EEOC charge "where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984). Here, I find that there is a

close nexus between the facts supporting the claims in the EEOC Complaint and those stated here. In the EEOC Complaint, Plaintiff specifically complained of his suspension, allegedly based upon his disability and retaliation. Upon his return to work after that suspension, his job duties were modified, which he also claims was based on his supervisor's intolerance for "rehabs," i.e., postal employees working with disabilities, and in retaliation for his earlier EEO activity. See Doc. 12 ¶¶ 75, 79, 81-82.

Considering Plaintiff's indication in the EEOC Complaint that the discrimination was ongoing and that his supervisor had a "resentment and hostility" toward postal employees with disabilities, and considering the timing of the change in job duties and the common basis for the complaint of discrimination, I conclude that Plaintiff has exhausted his administrative remedies with respect to Counts II and III in the Amended Complaint. I will therefore deny Defendant's motion to dismiss. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTES SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PATRICK R. DONAHOE,<br>Postmaster General | : | NO. 12-2639 |

# **O R D E R**

AND NOW, this 15th day of January, 2013, upon consideration of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, the response, reply, and sur-reply, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that Plaintiff's request to WITHDRAW Count I of the Amended Complaint is GRANTED, and the Motion to Dismiss (Doc. 14), properly considered as one filed pursuant to Federal Rule of Civil Procedure 12(b)(6), is DENIED.

BY THE COURT:

/s/ELIZABETH T. HEY
_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE