IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTES SMITH | : | CIVIL ACTION |
| v. | : | |
| PATRICK DONAHOE, Postmaster General | : | NO. 12-2639 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                          October 18, 2013

Defendant has sought reconsideration of this court's denial of its motion for summary judgment on one issue – whether Plaintiff suffered an adverse employment action when he could, and did, correct the misunderstanding regarding his ability to case mail.[1] Generally, motions for reconsideration under Federal Rule of Civil Procedure 59(e) must rely on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010). Defendant's motion falls into the third of these categories.

Defendant contends that, although I addressed the argument that the change in Smith's job duties was not adverse because he could have rejected the offer and sought review by the Department of Labor, <u>see</u> Doc. 55 at 5 n.3 (ecf pagination), I failed to consider the somewhat related argument that Smith needed only provide medical documentation of his limitations to correct any misunderstanding regarding his ability to

---

[1] A lengthy discussion of the facts is included in my Memorandum of September 30, 2013.

case mail.  Although "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant," Abu-Jamal v. Horn, Civ. No. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001), in reviewing my summary judgment memorandum, I find that I did not specifically address this argument regarding the adverse employment action and grant reconsideration.

It is undisputed that when Ms. Felix, Plaintiff's direct supervisor, gave him the modified job offer on June 5, 2009, it included the job of casing mail.  See Smith Dep. at 259-60; Felix Dep. at 85-86; Doc. 40 Exh. 31 (6/5/09 Offer of Modified Assignment).  At that time, the two most recent CA-17's that Mr. Smith submitted, dated February 21 and April 30, 2008, did not permit him to case mail.  See Doc. 40 Exh. 30 (2/21/08 & 4/30/08 CA-17's).  Ms. Felix relied upon a CA-17 dated May 17, 2007, which did permit Mr. Smith to engage in fine manipulation and grasping required to case mail.  See Doc. 40 Exhs. 11 (5/17/07 CA-17) & 12 ¶¶ 18-21.  When Mr. Smith expressed concern over his ability to case mail at their June 5, 2009 meeting, Ms. Felix advised him to submit updated medical documentation.  See Smith Dep. at 260-61, 262-63; Felix Dep. at 108-09, 110-11.  Plaintiff obtained an updated CA-17 on June 9, 2009, stating that he was not able to case mail.  See Smith Dep. at 276-77; Cohen Dep. at 53-55; Doc. 40 Exh. 33.  When Plaintiff ultimately returned to work in mid- to late-2010, he was not required to case mail.  See Smith Dep. at 282-83; Doc. 40 Exh. 12 ¶ 28.

Defendant argues that the fact that Plaintiff could have and actually did obtain the updated medical documentation, and that he was not required to case mail once he

returned, establishes that there was no adverse employment action. Defendant cites a number of cases wherein a mistake which was easily rectified did not amount to an adverse employment action. See Smith v. Pathmark, Civ. No. 97-1561, 1998 WL 309916, at *7 (E.D. Pa. June 11, 1998) (proposed transfer that never came to fruition when Plaintiff objected was not retaliatory); Reddy v. JPMorgan Chase Bank, N.A., Civ. Nos. 09-1152, 11-879, 2013 WL 3147949, at *12 (S.D. Ohio June 19, 2013) (short-changed paycheck not an adverse employment action where employee brought discrepancy to attention of employer and employer quickly rectified the error); Pagan v. Holder, 741 F. Supp. 2d 687, 696 n.15 (D.N.J. 2010) (charge of AWOL not an adverse employment action when Plaintiff's failure to request a negative leave balance was promptly resolved with such a request). Defendant argues that "[a]n objective[ly] reasonable employee would have returned to work . . . with the new CA-17 and presented it to a supervisor." Doc. 55 at 6.

  Defendant overlooks the fact that Plaintiff had already provided the employer with CA-17's stating that he was unable to case mail. In this case, Plaintiff had already provided information to the employer, which the employer disregarded, in reassigning him work duties. Such was not the circumstance in the cases cited by Defendant. Defendant contends that a reasonable employee would have just obtained the additional medical statement and returned to work. Relying on hindsight, Defendant argues that the fact that when Plaintiff did return he was not required to case mail is indicative that he would not have cased mail had he returned immediately upon obtaining the June 9, 2009 C-17. However, a reasonable employee in Plaintiff's position did not have the benefit of

3

this hindsight. Moreover, Plaintiff had already submitted two CA-17's that stated he could not case mail and they had been ignored or overlooked in the June 5, 2009 modified job offer. Thus, it is not clear at this point that Smith's job duties would have been altered to eliminate casing mail had he submitted the CA-17 on June 9, 2009, and the issue of an adverse employment action remains disputed precluding summary judgment.

      An appropriate order follows.